**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO: 3:09-CR-00130**

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

BENJAMIN KULA WILMES                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant has filed a motion to suppress, a motion to exclude, and a motion for separate trials (DNs 41, 39, 40).  The Government has filed responses to each motion (DNs 45, 43, 44). Defendant has filed replies (DNs 51, 49, 50).  The Court held a suppression hearing on August 16, 2011.  The Government has filed a post-hearing brief in support of denying the motion to suppress (DN 60). Defendant has filed his response brief (DN 65).  Finally, the Government has filed its reply brief (DN 67).  These matters are now ripe for adjudication.

## BACKGROUND

In July 2007, an individual using the screen-name "wookinpanub719" began communicating via an internet chat room with a person using the screen-name "alyce_witha_y." "Alyce_witha_y" represented herself to be a thirteen-year-old girl, but was actually an adult working with a private organization, Perverted Justice.  The individual using the screen-name "wookinpanub719" was later identified as Defendant Benjamin Wilmes.  Over the course of the conversations between "wookinpanub719" and "Alyce_witha_y," Wilmes allegedly transmitted obscene images of himself via his web camera.  In October 2007, Wilmes arranged to meet "Alyce_witha_y" in person, allegedly with the intention of engaging in sexual activity. However, Wilmes did not follow through with the meeting.

Two months after the meeting was supposed to occur, law enforcement obtained a search warrant for Wilmes's home.  That search warrant authorized a search for "all computer and computer related accessories" which might contain evidence of  the following crimes: unlawful transaction with a minor, unlawful use of electronic means to induce a minor in sexual activities, rape in the second and third degrees, sodomy in the second and third degrees, and possession of matter portraying a sexual performance by a minor.[1]  The search warrant was executed, and two computers were among the items seized from Wilmes's home.

A second search warrant was requested and issued to have the seized computers transported to the Kentucky Regional Computer Forensic Laboratory (KRCFL) for an in-depth forensic examination of "chat logs, emails, data files, and any other electronic information stored on the electronic media that may support the allegation of contact between Wilmes and the 'child' and or any other electronic information or digital images constituting child pornography." However, due to a backlog at the KRCFL, a third search warrant with identical language was requested to authorize the forensic examination of the seized computers by an agency other than the KRCFL.

Pursuant to the third search warrant, Kentucky Bureau of Investigations (KBI) Investigator Bill Baker conducted the forensic examination of the seized computers.  Investigator Baker testified that prior to conducting the search, he met with Investigator John Sparks and was given an overview of the case.  Investigator Sparks told Investigator Baker that, based on his understanding, Yahoo! Messenger and Yahoo! Photo Sharing had been used during the course of the chats.  Additionally, Investigator Sparks gave a photograph of Wilmes to Investigator Baker and said images were sent to the decoy ("Alyce_witha_y"). Investigator Baker was asked to

---

[1] The language in the first search warrant pertaining to child pornography crimes appeared in Attachment "A," which was referenced in the body of the search warrant.  According to Investigator Kathryn Reed, Attachment "A" was standard boilerplate language used in search warrants at the time.

search for certain keywords used in the chats and to identify any photographs that may have been shared depicting Wilmes.

Because a keyword search is reportedly very time consuming, Investigator Baker first searched the Yahoo! Photo Sharing Folder for photographs depicting Wilmes that may have been shared with the decoy.[2]  Within this folder, Investigator Baker identified several images that appeared to depict the individual in the photograph.  He also found images which he took to be child pornography.  At this point, Investigator Baker stopped the forensic examination and advised Investigator Sparks that another search warrant would need to be obtained to encompass the scope of the additional images. Once the fourth warrant was obtained authorizing a search for child pornography, Investigator Baker conducted a full spectrum analysis of the hard drive and discovered child pornography images.

## DISCUSSION

Defendant has filed a Motion to Suppress, a Motion to Exclude, and a Motion for Separate Trials.  The Court will examine each motion in turn.

## I.  __Motion to Suppress the Child Pornography Evidence__

Defendant moved to suppress the evidence of child pornography on the grounds that the affidavits in support of the first three search warrants did not present probable cause to believe that child pornography crimes had been committed.  *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008).  Therefore, according to Defendant, the evidence pertaining to child pornography was obtained unconstitutionally and must be suppressed pursuant to the exclusionary rule.  Defendant further asserts that the evidence is not saved by any exception to the exclusionary rule.

## A. General Standards for  Motion to Suppress

---

[2] Within the Program Files directory of the seized computer, there is a Yahoo! Folder.  Underneath that folder is a Yahoo! Messenger folder and a Yahoo! Photo Sharing folder.

Searches and seizures conducted without a warrant issued by a judge or magistrate are per se unreasonable under the Fourth Amendment unless a specifically established exception applies. *Katz v. United States*, 389 U.S. 347, 357 (1967). When searches are conducted without a warrant, the government has the burden of showing that an exception applies. *Vale v. Louisiana*, 399 U.S. 30, 34 (1970). "The exclusionary rule prohibits the admission of evidence seized in searches and seizures that are deemed unreasonable under the Fourth Amendment, as well as derivative evidence acquired as a result of an unlawful search." *U.S. v. Kennedy*, 61 F.3d 494, 497 (6th Cir. 1995) (citing *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)). The exclusionary rule is a judicially created remedy to deter unreasonable searches and seizures. *United States v. Leon*, 468 U.S. 897, 906-07 (1984). For this reason, it is improper to apply the exclusionary rule when doing so will not deter future unreasonable searches and seizures. *See id*. at 907-08.

## B. Validity of the Search Warrants

The first three search warrants issued in this case authorized the seizure of items which constitute evidence of the crimes of child enticement and child pornography. Wilmes argues that the evidence of child pornography should be suppressed because the search warrants lacked a sufficient nexus between the crimes alleged in the affidavits and the parameters of the search listed in the warrants. The government has conceded, and the Court agrees, that the first three warrants were overly broad in that they authorized a search for evidence of child pornography. The government has also conceded that the *United States v. Leon* good faith exception does not save the warrants as they relate to child pornography. *See* 468 U.S. 897. Although the affidavits in support of the first three search warrants did not provide a basis for a finding of probable

cause to believe Wilmes possessed child pornography, the Court finds that the affidavits did provide a basis for finding probable cause for the crime of child enticement.[3]

When a warrant is overly broad, a court must first look to see if the overly broad portions are severable. In the instant case, the unconstitutional portions of the warrants are wholly distinct from the constitutional portions and are severable. The items listed in Attachment "A" of the first warrant relating to child pornography are not supported by probable cause and could not be constitutionally seized. However, the "computer and computer related accessories" itemized on the face of the first warrant clearly relate to the crime of child enticement because the affidavits alleged the Wilmes used a computer in relation to the charged crime of enticement. Attachment "A" can be severed from the first warrant and the warrant would still properly authorize the seizure of the computers and computer related accessories that may constitute evidence of child enticement. Likewise, the references to child pornography in the second and third warrants can be severed from otherwise valid warrants. Accordingly, the authorization to search for child pornography must be redacted from the warrants, but the remainder of the warrant remains valid. *United States v. Christine*, 687 F.2d 749 (3d Cir. 1982); *United States v. Underwood*, No. 3:08-cr-47, 2010 WL 5313766 (W.D. Ky. 2010).

## C. Applicability of an Exception

Since the initial child pornography was not found under the direction of a warrant, for the evidence to be admissible an exception must apply. *Katz*, 389 U.S. at 357. The government contends that the inevitable discovery exception saves the child pornography evidence from the exclusionary rule. The doctrine of inevitable discovery is an exception to the exclusionary rule which "allows unlawfully obtained evidence to be admitted at trial if the government can prove

---

[3] Although Defendant summarily contests the constitutionality of the search of the computer for evidence of child enticement as well, he offers almost no support for such a contention.

by a preponderance that the evidence inevitably would have been acquired through lawful means." *United States v. Kennedy*, 61 F.3d 494, 497 (6th Cir. 2005) (citing *Nix v. Williams*, 467 U.S. 431, 444 (1984)). When this is the case, the deterrence rationale of the exclusionary rule has so little basis that the evidence should not be suppressed. *Nix,* U.S. at 444. In determining whether this exception applies, the district court, "viewing affairs as they existed at the instant before the unlawful search, [must determine] what would have happened had the unlawful search never occurred." *Kennedy*, 61 F.3d at 498.

The issue before the Court is whether, had the warrant not been overly broad in authorizing a search for child pornography, the law enforcement officers would have inevitably discovered the child pornography evidence. The government contends that once Investigator Baker began searching for evidence of online enticement, he inevitably came across or discovered child pornography images because those images were in plain view. In response, the defendant asserts that the inevitable discovery doctrine does not save the child pornography evidence because the government cannot show that routine police procedures would have inevitably led to the discovery of the contested evidence. Defendant argues that there was no explanation for why the police would have searched for images of Wilmes on his own computer and that such a search was not authorized by the warrants.

The plain view exception to the warrant requirement may be applicable here.[4] The plain view exception authorizes an officer to seize evidence without a warrant where the following four factors are met: (1) the officers are legally present; (2) the officers see something that immediately appears to be evidence; (3) the item is actually in plain view; and (4) the officer has

---

[4] In *United States v. Westerlund*, cited by both parties, the court applied the plain view standard in finding that the discovery of child pornography was inevitable during the proper scope of the officers' search for evidence of providing intoxicants to minors. 2009 WL 3711555 at *5 (W.D. Mich 2009). Likewise, in *United States v. Underwood*, the court explained that they "[saw] no practical distinction" between the plain view standard and the inevitable discovery doctrine. 2010 WL 5313766 at *5 n.3 (W.D. Ky. 2010).

a lawful right of access to the object. *United States v. McLevain,* 310 F.3d 434, 439 (6th Cir. 2002).  Because Investigator Baker was lawfully searching the computer for evidence of child enticement with a warrant, the issue is whether the initial discovery of child pornography was in plain view.

Multiple courts have addressed the issue of what is in "plain view" during a computer search.  Generally, courts have found that child pornography seen during a "preview" of the computer is in plain view.  Recently, in discussing the allowable scope of computer searches, the Sixth Circuit has stated that "so long as the computer search is limited to a search for evidence explicitly authorized in the warrant, it is reasonable for the executing officers to open the various types of files located in the computer's hard drive in order to determine whether they contain such evidence."  *U.S. v. Richards*, ---F.3d---, 2011 WL 5025934 at *10 (6th Cir. October 24, 2011) (internal quotations omitted).  Specifically with regard to discovered evidence of child pornography during a computer search, the Sixth Circuit has held that child pornography is admissible if an officer accidently stumbles across an image during a lawful search and promptly obtains a search warrant.  *United States v. Lucas*, 640 F.3d 168, 180-81 (6th Cir. 2011).

In the instant case, the valid portion of the warrant authorized a search for "chat logs, emails, data files, and any other electronic information stored on the electronic media that may support the allegation of contact between Wilmes and the 'child.'"  Investigator Baker searched for images of Wilmes that may have been transferred to the decoy by navigating directly to the Yahoo! Photo Sharing folder, the folder in which any such images would have been stored.  It was reasonable for Investigator Baker to open the Yahoo! Photo Sharing folder to determine if it contained evidence of child enticement.  In that folder Investigator Baker encountered images that appeared to involve child pornography along with images of the Defendant.  After verifying

the nature of the illegal images, Investigator Baker then promptly secured a search warrant to conduct a search specifically looking for additional images of child pornography.

In summary, Investigator Baker discovered what immediately appeared to be evidence of child pornography in plain view during his search and had lawful right of access to those photographs as they were accessed automatically during a search for evidence of child enticement. Accordingly, the child pornography evidence would have been inevitably discovered during the properly authorized forensic search of Wilmes's computer for evidence of child enticement. As a result, the evidence is admissible and the motion to suppress is DENIED. *Accord id.*; *United States v. Underwood*, 2010 WL 5313766 (W.D. Ky. Dec. 20, 2010); *United States v. Williams*, 592 F.3d 511, 521-22 (4th Cir. 2010).

## 2. <u>Motion to Exclude</u>

Defendant seeks to exclude from evidence the "chat logs," the transcript of the instant message conversation over the internet, provided to the government by Perverted Justice. Defendant asserts that the authenticity of the chat logs is highly suspect; the process of capturing and recording the chat logs is unknown; and the inconsistencies in the pagination, format, and time entries suggests that the chat logs were edited by an unknown person. The government, during a suppression hearing held on August 16, 2011, stated that they had turned over a full and complete log of the chat transcripts. The full and complete log included some amount of conversation that had been inadvertently omitted. Additionally, the Government has discussed the basis of the chat and transcript during the suppression hearing. Accordingly, the motion to exclude is DENIED as moot. If the Defendant continues to have objections, they have leave to file an updated motion.

## 3. <u>Motion for Separate Trials</u>

Lastly, Defendant seeks separate trials on Counts 1-6, relating to child pornography, and Counts 7-8, relating to child enticement.  Federal Rule of Criminal Procedure Rule 8(a) allows for joinder of offenses if "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Federal Rule of Criminal Procedure Rule 14(a) provides that "If the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."  The Sixth Circuit has stated that a defendant is "prejudiced if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982).  Making this determination involves "balancing of the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial." *United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983)

In the instant case, the various counts constitute charges of a similar character, are based on the same transaction, and are connected with a common scheme.  The child pornography was uncovered during the investigation of the child enticement charges and the offenses are of a similar character (crimes involving the sexual exploitation of children).  Accordingly, joinder of the charges in the original indictment was appropriate.

Similarly, this is not a case in which the exercise of this Court's discretion to sever the counts is appropriate.  The evidence needed to prove each is sufficiently distinct so that the jury will be able to keep the evidence and the counts separate.  Additionally, since both crimes involve children, neither crime is prejudicially more reprehensible than the other such that a fair trial could not be obtained on both charges.  For these reasons, the motion for separate trials is

DENIED.  *Accord United States v. Hersh*, 297 F.3d 1233 (11th Cir. 2002) (Denial of motion to sever child pornography counts from child trafficking counts not an abuse of discretion).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress (DN 41) is DENIED; Defendant's Motion to Exclude (DN 39) is DENIED; and Defendant's Motion for Separate Trial on Counts 7 and 8 from Counts 1-6 (DN 40) is DENIED.